IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ALDIN LEWIS, | ) |
|       Plaintiff, | ) |
| v. | ) Case No: CIV-24-1112-PRW |
| (1) WILAYAT HUSSAIN and | ) |
| (2) CHANDI 209 TRUCKING, INC. | ) |
|       Defendants. | ) |

## ANSWER

**COMES NOW** the Defendant, Chandi 209 Trucking, Inc., and for its Answer to the Petition filed herein by the Plaintiff, alleges and states as follows:

1. This Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Petition, and therefore, said allegations are denied and Defendant demands strict proof thereof.

2. This Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Petition.

3. This Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Petition.

4. This Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Petition.

5. Paragraph 5 of Plaintiff's Petition is a recital paragraph and does not require a response. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Petition and demands strict proof thereof.

6. The Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Petition and demands strict proof thereof.

7. The Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Petition and demands strict proof thereof.

8. This Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Petition and demands strict proof thereof.

9. This Defendant denies any allegation contained with the paragraph which begins "WHEREFORE" except insomuch as a denial would be inconsistent with the forgoing paragraphs.

## AFFIRMATIVE DEFENSES

10. The incident complained of in the Plaintiff's Petition was caused by the negligence of third parties over whom this Defendant had no control or supervision, and therefore, liability will not attach to this Defendant.

11. The incident complained of in the Plaintiff's Petition was the direct result of the negligence of the Plaintiff in a degree to either prohibit or lessen any recovery thereunder.

12. The injuries complained of by the Plaintiff were not the proximate result of any actions of Defendant.

13. The incident complained of in the Plaintiff's Petition was the result of a sudden emergency and/or unavoidable casualty presented to this Defendant and, at all times pertinent thereto, this Defendant acted reasonably and prudently; and therefore, liability will not attach to this Defendant.

14. The Plaintiff sustained no injury or was not injured as severely as alleged as a result of the incident in this suit.

15. Plaintiff voluntarily assumed the risk of a known danger and is not entitled to recover herein.

16. The Plaintiff's Petition fails to state a claim upon which relief can be granted.

17. Pursuant to OKLA. STAT. tit. 12, §3009.1, the medical bills incurred by Plaintiff may have been satisfied at a lower value than they were billed, and Plaintiff's recovery, if any, should be reduced in accordance with the same.

18. Plaintiff's claims for punitive damages are not warranted under the facts and circumstances of this case.

19. Plaintiff's claims for punitive damages violate the Constitutions of both the State of Oklahoma and the United States of America.

20. Any award of punitive damages based on the standard of proof that is less than "clear and convincing" would violate the due process clause of the Fourteenth Amendment of the United States Constitution and the due process clause of the Oklahoma Constitution.

21. Any award of punitive damages based on vague and undefined standards of liability would violate the due process clause of the Fourteenth Amendment of the United States Constitution and the due process clause of the Oklahoma Constitution.

22. The Defendant reserves the right to amend or abandon any or all of the allegations stated.

23. It is anticipated that additional affirmative defenses will become known

through the discovery process; therefore, this Defendant reserves the right to plead them as they are discovered.

**WHEREFORE**, the Defendant, Chandi 209 Trucking, Inc., prays that judgment be rendered in its favor, that it be awarded its costs and attorney fees, and any and all other relief the Court deems just and equitable.

                            Respectfully submitted,

                            s/Seth A. Caywood
                            MAURICE G. WOODS, II, OBA #16582
                            SETH A. CAYWOOD, OBA #30517
                            McATEE & WOODS, P.C.
                            410 N.W. 13th Street
                            Oklahoma City, OK  73103
                            Telephone: (405) 232-5067
                            Facsimile: (405) 232-0009
                            mauricew@mcateeandwoods.com
                            sethc@mcateeandwoods.com
                            ***Attorneys for Defendants***

## CERTIFICATE OF ELECTRONIC FILING

   I hereby certify that on the 16th day of December, 2024, I electronically transmitted a true and correct copy of the foregoing document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Nathan D. Rex, OBA #31694
L. Grant Gibson, OBA #33513
Parrish Devaughn, PLLC
3601 N. Classen Boulevard
Oklahoma City, OK 73118
Telephone: (405) 444-4444
Facsimile: (405) 232-0058
nate@parrishdevaughn.com
grant@parrishdevaughn.com
***Attorneys for Plaintiff***

                s/Seth A. Caywood
                SETH A. CAYWOOD