## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALDIN LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: CIV-24-1112-PRW |
| | ) | |
| WILAYAT HUSSAIN and | ) | |
| CHANDI 209 TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT'S MOTION FOR AMENDED SCHEDULING ORDER**

Defendants Wilayat Hussain and Chandi 209 Trucking, Inc., by and through counsel of record, hereby move this honorable court to Amend the Scheduling Order currently in place and strike the trial docket call scheduled on February 4, 2026 and trial set February 10, 2026. In support of this Motion Defendant would state as follows:

1)      No prior amended scheduling order have been entered into herein.

2)      Plaintiff struck Defendant's vehicle on March 3, 2024.

3)      As such, Plaintiff is not yet even required to have brought this action and therefore no prejudice exists.

4)      Plaintiff produced to Defendant the expert report of Mr. Jason Riddle on December 1, 2025.

5)      Prior to receipt of Plaintiff's Expert report, *Riddle Reconstruction & Consulting Report dated November 21, 2025* (Ex. 1), Defendant did not anticipate evidence sufficient to support a Motion for Summary Judgment.

6)      However, upon receipt Defendant came to suspect that Mr. Riddle's opinions actually supported the Defendants version of events, and therefore Defendant forwarded same to their expert, Ron Blevins, for review and input on December 5, 2025.

7)      Unfortunately, Mr. Blevins and his wife fell ill over the month of December which included two separate hospitalizations of Ms. Blevins and he was not able to review the report and provide Defendant with opinions prior to expiration of discovery and the motion deadlines on January 3.

8)      Defendant did not become aware of these issues until January 7, 2026.

9)      Specifically, Mr. Riddles report states:

   a.  Mr. Lewis struck the rear of Defendant's truck; Diagram on Page 10;

   b.  Mr. Lewis was traveling between 38 and 48 miles per hour;

   c.  Mr. Lewis needed a maximum of 232.8 feet to bring his vehicle to a stop; calculations on page 9;

   d.  Mr. Lewis needed, at most, 2.6 seconds to bring his vehicle to a stop from the time he started to skid. Page 10;

   e.  85% of people would react to the obstruction within 2 seconds; and

   f.  Mr. Hussain's turn took 15 seconds between inception and the subject impact with the rear of Defendant's truck.  Page 11.

10)    What is suspiciously not calculated is how long, in time or distance, it would take for Mr. Lewis to bring his vehicle to a complete stop from full speed but, based on the information that is provided, it appears that significantly less than 15 seconds would have been necessary.

11)    Mr. Blevins did provide the calculation as it relates to time and found that Mr. Lewis needed only between 164 and 229 feet to bring his vehicle to a stop and that at the time Mr. Hussain initiated his turn.

12)    However, Mr. Lewis was between 997 and 1246 feet away, indicating more than sufficient time and distance to avoid the subject accident. *Rob Blevins' Report Regarding the Traffic Accident that Occurred March 3, 2024 on West Reno Ave at Frontier Dr. in Oklahoma City, Oklahoma Involving Wilayat Hussain who was Driving for Chani Trucking and Aldin Lewis* (Ex. 2) at page 7.

13)    Defendant continues to await the supplemental opinions of Mr. Blevins from the resulting backlog after his December illness.

14)    Further, the court struck all pending deadlines effective January 5, 2026, essentially staying the matter.

15)    Plaintiff, on January 6, 2026, requested leave to withdraw his Motion to Compel Discovery and Motion to Strike Mr. Blevins as an expert to which Defendants do not object.

16)    As such, reopening of discovery and additional time to file a Motion for Summary Judgement will promote judicial economy as Defendant has a good faith belief that a meritorious summary judgment will be brought eliminating the need for an unnecessary trial.

17)    This motion is not brought for the purpose of delay but, in the interest of justice and judicial economy.

18)    Nevertheless, after meet and confer, Plaintiff objects.

WHEREFORE, premises considered, Defendants respectfully pray that the Court reopen discovery, enter a new scheduling order allowing an additional 90 days discovery and 120 days to file any dispositive and/or *Daubert* Motions, and such further relief as this court may deem just and proper.

Respectfully submitted,

s/Seth A. Caywood
MAURICE G. WOODS, II, OBA #16582
SETH A. CAYWOOD, OBA #30517
MAURICE WOODS II PLLC
410 N.W. 13th Street
Oklahoma City, OK 73103
Telephone: (405) 232-5067
Facsimile: (405) 232-0009
mw@mwoodslaw.com
seth@mwoodslaw.com
***Attorneys for Defendants***

## <u>CERTIFICATE OF ELECTRONIC FILING</u>

      I hereby certify that on the 9th day of January, 2026, I electronically transmitted a true and correct copy of the foregoing document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Nathan D. Rex, OBA #31694
L. Grant Gibson, OBA #33513
PARRISH DEVAUGHN, PLLC
3601 N. Classen Boulevard
Oklahoma City, OK 73118
Telephone: (405) 444-4444
Facsimile: (405) 232-0058
nate@parrishdevaughn.com
grant@parrishdevaughn.com
***Attorneys for Plaintiff***

                                          s/Seth A. Caywood
                                          SETH A. CAYWOOD