# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALDIN LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-1112-PRW |
| | ) |
| WILAYAT HUSSAIN, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendants' Motion for Amended Scheduling Order (Dkt. 38) and Plaintiff's Response in Opposition (Dkt. 39). In their Motion, Defendants request an additional 90 days to complete discovery and an extra 120 days to file a motion for summary judgment. As explained below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion (Dkt. 38).

This negligence action arises from a motor-vehicle accident that occurred in Oklahoma County. Plaintiff rear-ended Defendant Hussain's truck after Defendant Hussain allegedly failed to yield to oncoming traffic before making a righthand turn. Plaintiff accuses Defendant Hussain of being reckless, grossly negligent, negligent per se, and negligent in the operation of a motor vehicle, which resulted in personal injury to Plaintiff. Plaintiff also alleges that Defendant Chandi 209 Trucking is vicariously liable for damages caused by their agent Defendant Hussain and is further liable for the negligent hiring, training, and retaining of Defendant Hussain. Accordingly, a central question in this case is whether Plaintiff or Defendant Hussain's actions were the cause of the accident.

1

Defendants assert that they need 90 more days to complete discovery to depose Plaintiff's expert witness, Jason Riddle. Plaintiff produced Mr. Riddle's expert report on December 1, 2025—more than a month before the discovery deadline on January 3, 2026. According to Defendants, Mr. Riddle's report supports the conclusion that Plaintiff had sufficient time to stop before he rear-ended Defendant Hussain's truck, which in turn supports a motion for summary judgment.

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." And good cause is primarily a question of the movant's diligence.[1] Here, however, Defendants have not explained why they did not depose Mr. Riddle about causation before the close of discovery. Defendants argue that their own expert, Ron Blevins, could not review the report until after the deadline due to severe illness. But this does not explain why Defendants did not depose Mr. Riddle upon receipt of the report when they "came to suspect that Mr. Riddle's opinions actually supported the Defendants version of events."[2] For this reason, the Court will not amend the discovery deadline.

However, unlike the discovery deadline, the Court finds good cause to extend the dispositive motion deadline. The dispositive motion deadline was December 1, 2025, and Defendants received Mr. Riddle's report that same day. Defendants explain that, before receiving the report, they did not anticipate having sufficient evidence to support a motion

---

[1] *Ivanti, Inc. v. StayLinked Corp.*, No. 19-cv-00075, 2021 WL 12101018, *5 (D. Utah Dec. 10, 2021).

[2] Mot. for Am. Scheduling Order (Dkt. 38), at 2.

for summary judgment, but that assessment changed upon realizing Plaintiff's own expert seemingly agreed with their defense. Accordingly, Defendants may file a motion for summary judgment on or before February 20, 2026. Plaintiffs may respond on or before March 3, 2026. Defendants may file their reply on or before March 6, 2026.

Pursuant to Local Civil Rule 16.2, the Court also **ORDERS** the parties to attend a judicial settlement conference. The Clerk of Court will provide the parties with more information when appropriate.

**IT IS SO ORDERED** this 23rd day of January 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE