# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ALDIN LEWIS,                                )
                                            )
                Plaintiff,                  )
                                            )
v.                                          )        Case No. CIV-24-1112-PRW
                                            )
WILAYAT HUSSAIN, et al.,                    )
                                            )
                Defendants.                 )

## ORDER

Before the Court are Defendants Wilayat Hussain and Chandi 209 Trucking, Inc.'s Motion for Summary Judgment (Dkt. 49); Plaintiff Aldin Lewis's Response (Dkt. 54); and Defendants' Reply (Dkt. 60). Also before the Court is Plaintiff's Motion to Strike (Dkt. 55), in which Plaintiff asks the Court to strike sections B, C, and D of the Motion for Summary Judgment (Dkt. 49). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion for Summary Judgment (Dkt. 49). The Court **DENIES** the Motion to Strike (Dkt. 55).

## *Background*

This case arises from a car accident that occurred on March 3, 2024 between Mr. Lewis and Mr. Hussain. Mr. Hussain is a driver for Chandi 209 Trucking. Mr. Lewis hit the left rear side of Mr. Hussain's tractor-trailer, which had been turning right at the time of the accident. The parties dispute whether Mr. Hussain failed to stop at a stop sign before turning. Plaintiff accuses Mr. Hussain of being negligent and negligent per se in the operation of a motor vehicle, which resulted in personal injury to Plaintiff. Plaintiff also

1

alleges that Chandi 209 Trucking is vicariously liable for damages caused by their agent Mr. Hussain and is further liable for the negligent entrustment and negligent hiring, training, and retaining of Mr. Hussain.

### *Legal Standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] A genuine issue exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[2] Evidence that is "merely colorable" or "not significantly probative" will not defeat a motion for summary judgment.[3] A fact is material if it "might affect the outcome of the suit under the governing law."[4]

The moving party bears the initial burden of showing beyond a reasonable doubt the absence of a genuine issue of material fact.[5] Once the movant has met his initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[6] Courts may only consider admissible evidence in reviewing summary judgment, but the evidence need not be submitted "in a form that would be

---

[1] Fed. R. Civ. P. 56(a).

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citation omitted).

[3] *Id.* at 249–50 (citation omitted).

[4] *Id.* at 248.

[5] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) (citation omitted).

[6] *Anderson*, 477 U.S. at 256.

admissible at trial."[7] Rather, the proponent must show that the evidence is capable of presentation in an admissible form.[8] Courts must view all facts and reasonable inferences in the light most favorable to the nonmovant.[9]

## *Discussion*

### I.    Proximate Cause

Defendants argue that Plaintiff's negligence was the proximate cause of the crash, entitling Defendants to judgment as a matter of law. The elements of negligence in Oklahoma are as follows: "(1) the existence of a duty on the part of a defendant to protect the plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting from the violation."[10] Proximate cause is "the efficient cause which sets in motion the chain of circumstances leading to the injury."[11] The question of proximate cause is almost always a question of fact for the jury to decide.[12] However, "[i]t becomes one of law when there is no evidence from which the jury could reasonably find a causal nexus between the negligent act and the resulting injuries."[13] And "[t]he general rule is that the causal connection between an act of negligence and an injury is broken by the intervention of a

---

[7] *Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016) (internal quotation marks omitted) (quoting *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006)).

[8] *Id.* (citations omitted).

[9] *Anderson*, 477 U.S. at 255.

[10] *Dirickson v. Mings*, 910 P.2d 1015, 1017–18 (Okla. 1996).

[11] *Thur v. Dunkley*, 474 P.2d 403, 405 (Okla. 1970).

[12] *Fargo v. Hay-Kuehn*, 352 P.3d 1223, 1227 (Okla. 2015).

[13] *Thompson v. Presbyterian Hosp., Inc.*, 652 P.2d 260, 263 (Okla. 1982).

new, independent and efficient cause which was neither anticipated nor reasonably foreseeable."[14] "According to Oklahoma law, injuries resulting from a parked car are not foreseeable if a plaintiff is able to avoid the parked vehicle."[15]

Here, Mr. Hussain's tractor-trailer wasn't "parked," but rather pulling onto an active roadway. Defendants nonetheless assert that Plaintiff's failure to stop was not reasonably foreseeable and thus serves as the supervening cause. To support this argument, Defendant relies on the statements from Plaintiff's expert accident reconstructionist, Jason Riddle, that Mr. Hussain was in the intersection for 15 seconds and Plaintiff only needed 2 seconds to perceive the tractor-trailer and an additional 2.6 seconds to come to a complete stop. Thus, according to Defendants, "Plaintiff, through some combination of inattentive driving, excessive speed, overdriving his headlights, or other cause, simply failed to perceive the white tractor-trailer in the roadway until, at most, just 3 seconds before impact."[16]

Plaintiff responds that Defendants' argument rests on the faulty assumption that Plaintiff *should have* seen the tractor-trailer as soon as it entered the intersection. Plaintiff furnishes several pieces of evidence to establish that his failure to stop is not a supervening cause:

1. Mr. Lewis' own statement that he took evasive action as soon as he was able to see the truck;

---

[14] *Id.* at 263–64.

[15] *Estate of Ratley v. Awad*, No. 23-6169, 2025 WL 1166454, at *4 (10th Cir. April 22, 2025).

[16] Defs.' Mot. (Dkt. 49), at 9.

2.      The distance Mr. Lewis was from the semi when it began its turn onto the roadway and location of Mr. Lewis' vehicle at that time;

3.      The limited night-time visibility on the roadway;

4.      The reduced visibility of the truck's reflective tape;

5.      The truck's headlights and taillights facing perpendicular or away from oncoming traffic, including Mr. Lewis;

6.      The potential presence of other vehicles driving ahead of Mr. Lewis and obscuring Mr. Lewis' view of the truck;

7.      The potential presence of traffic lights to draw Mr. Lewis' vision away from the truck; and,

8.      The cab of the truck pulling into the median before steering back toward the roadway, potentially creating the false impression that the trailer would follow into the median instead of continuing to block the entire roadway.[17]

The foregoing evidence establishes a genuine issue of material fact that is best left in the hands of the jury. This case resembles *Dirickson v. Mings*, in which the Oklahoma Supreme Court denied summary judgment because a factual dispute existed as to whether plaintiff's vision was obscured by a third-party car before he hit defendant's parked car.[18] Here, a reasonable jury could similarly conclude that Plaintiff's ability to perceive and avoid Mr. Hussain's vehicle was impaired by the nighttime conditions, the orientation of the headlights/taillights, and the potential ineffectiveness of the visibility tape (or any of the other reasons given by Plaintiff). As in *Dirickson*, these circumstances raise competing inferences regarding obstruction that must be decided by a trier of fact.[19]

---

[17] Plf.'s Resp. (Dkt. 54), at 6 (citations omitted).

[18] *Dirickson*, 910 P.2d at 1020.

[19] *See id.*

## II.    Negligence Per Se

Defendants argue that they are entitled to judgment on the negligence per se claim because the Petition did not identify the underlying statute, in violation of Federal Rule of Civil Procedure 8. A negligence per se claim requires three elements be shown: "(1) the injury must have been caused by the violation [of a statute]; (2) the injury must be of a type intended to be prevented by the statute; and (3) the injured party must be a member of the class intended to be protected by the statute."[20] Defendants do not attack the sufficiency of the evidence, only the Petition's failure to provide sufficient notice as to what statute Mr. Hussain allegedly violated.

A motion for summary judgment isn't a proper vehicle to raise pleading issues, and courts don't generally transform motions for summary judgment into motions to dismiss.[21] This rule exists for two major reasons. First, Defendants are currently time-barred from filing a motion to dismiss pursuant to Rule 12(b)(6). Dismissing Plaintiff's negligence per se claim for failing to state a claim would end-run the motion to dismiss deadline. Second, "[t]he different standards generally applicable to motions to dismiss and for summary judgment serve distinct purposes, each tailored to addressing the unique considerations that arise at successive stages of the litigation."[22] One of the primary purposes of requiring a Plaintiff to state a plausible claim for relief is "to avoid ginning up the costly machinery

---

[20] *McGee v. El Patio, LLC*, 524 P.3d 1283, 1286 (Okla. 2023).

[21] *Ríos-Campbell v. U.S. Dept. of Commerce*, 927 F.3d 21, 24–26 (1st Cir. 2019); *Jones v. L.A. Central Plaza LLC*, 74 F.4th 1053, 1059 (9th Cir. 2023); *Lugo v. City of Troy*, 114 F.4th 80, 89–90 (2d Cir. 2024).

[22] *Lugo*, 114 F.4th at 89.

associated with our civil discovery regime on the basis of 'a largely groundless claim.'"[23] Thus, if Defendants had not waited until the final hour to raise Rule 8 issues, then Plaintiff could have had the opportunity to cure his pleadings before incurring the costs of completing discovery. Summary judgment on this claim is denied.

## III.   Negligent Hiring, Training, and Retaining

Defendants also argue that the Court should grant it judgment on Plaintiff's negligent hiring, training, and retaining claims based on *Jordan v. Cates*. In *Jordan*, the Oklahoma Supreme Court held "[w]hen an employer stipulates that an employee is acting within the scope of employment . . . and punitive damages are available against it under the theory of *respondeat superior*, an additional claim for negligent hiring [and retention] exposes the employer to no additional liability."[24] "[W]here the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine," it explained, "any other theory for imposing liability on the employer [becomes] unnecessary and superfluous."[25] Here, Defendants stipulate that Mr. Hussain was acting within the course and scope of his employment with Chandi.

This Court had the opportunity to consider *Jordan*'s application in the modern context. In *Estate of Ratley by and through Ratley v. Awad*, this Court continued to apply *Jordan*'s holding despite criticism of the case and calls for the Oklahoma Supreme Court

---

[23] *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008) (Gorsuch, J., concurring) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

[24] *Jordan v. Cates*, 935 P.2d 289, 294 (Okla. 1997).

[25] *Id.* at 293.

to reconsider the rule.[26] Plaintiff asks the Court to reconsider *Awad* in light of Judge Tymkovich's recent prediction that the Oklahoma Supreme Court would overrule *Jordan* if given the opportunity.[27] However, Judge Tymkovich's statement does not change the rule that federal courts must apply existing state law when the state supreme court has already spoken on the matter.[28] Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiff's direct liability against Chandi (except for negligent entrustment).

## IV.    Negligent Entrustment

Defendants finally argue that Plaintiff has no evidence to support his negligent entrustment claim. "Negligent entrustment of an automobile occurs when the automobile is supplied . . . for the use of another whom the supplier knows, or should know, because of youth, inexperience, or otherwise, is likely to use it in a manner involving unreasonable risk of bodily harm to others, with liability for the harm caused thereby."[29] Under Oklahoma law, a plaintiff must show that (1) "a person who owns or has possession and control of an automobile allowed another driver to operate the automobile," (2) "the person knew or reasonably should have known that the other driver was careless, reckless and incompetent," and (3) "an injury was caused by the careless and reckless driving of the

---

[26] *Estate of Ratley v. Awad*, No. CV-19-00265-PRW, 2021 WL 1845497, at *4–5 (W.D. Okla. May 7, 2021), aff'd, No. 23-6169, 2025 WL 1166454 (10th Cir. April 22, 2025).

[27] *See Stalnaker v. Three Bros. Transport, LLC*, "Order," Case No. 20-CV-140-JWB-CDL, Dkt. 30 (Jan. 31, 2022).

[28] *See Awad*, 2025 WL 1166454, at *1.

[29] *Sheffer v. Carolina Forge Co.*, 306 P.3d 544, 548 (Okla. 2013).

automobile."[30] Defendants focus on Plaintiff's ability to prove the second element. "The question of negligent entrustment is one of fact for the jury, and may be proven by circumstantial as well as positive or direct evidence."[31]

Plaintiff presents no evidence that Mr. Hussain had a propensity to drive recklessly, get into wrecks, or drive under the influence. Instead, Plaintiff contends that Chandi knew or should have known that Mr. Hussain was an incompetent driver because it hired a commercial driver with no experience, who learned to drive in a foreign country, has limited English proficiency, and stated that he has no knowledge of federal motor regulations. Defendants respond that there is nothing impermissible about hiring inexperienced drivers and Mr. Hussain has a valid commercial driver's license and clean driving record.

In *Loyd v. Salazar*, Chief Judge Timothy DeGuisti found that where an employed driver was not fluent in English, had little to no experience driving a semi-truck, and did not understand applicable safety regulations, a jury could reasonably conclude that the employer was liable for negligent entrustment for failing to ensure the driver was competent.[32] The Court comes to the same conclusion here and holds that Plaintiff's negligent entrustment claim should not be dismissed. Applying the same reasoning and viewing the record in the light most favorable to Plaintiff, a genuine dispute of material

---

[30] *Green v. Harris*, 70 P.3d 866, 871 (Okla. 2003).

[31] *Id.*

[32] *Loyd v. Salazar*, No. CIV-17-977-D, 2020 WL 7220790, at *4 (W.D. Okla. Dec. 7, 2020).

fact exists as to whether Chandi negligently entrusted the tractor-trailer to Mr. Hussain. Accordingly, summary judgment on Plaintiff's negligent entrustment claim is denied.

## V.      Motion to Strike

Plaintiff asks the Court to strike sections B, C, and D of Defendants' Motion for Summary Judgement because they exceed the scope of the Court's grant of leave. Plaintiff is correct that Defendants' motion seeking leave to file his summary judgment motion out-of-time does not mention Plaintiff's negligence per se, negligent hiring, retention, or entrustment claims. However, neither the Court's Order (Dkt. 38) nor the Defendants' motion (Dkt. 38) expressly limited the summary judgment motion to Plaintiff's negligence claim. The Court therefore denies the Motion to Strike (Dkt. 55).

### *Conclusion*

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Summary Judgment (Dkt. 49). The Court **DENIES** Plaintiff's Motion to Strike (Dkt. 55).

**IT IS SO ORDERED** this 11th day of March 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE