## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALDIN LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 5:24-cv-1112-PRW |
| | ) | |
| WILAYAT HUSSAIN and | ) | |
| CHANDI 209 TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, AND ALTERNATIVE MOTION FOR NEW TRIAL

**COMES NOW** Defendants, Wilayat Hussain and Chandi 209 Trucking Inc., by and through undersigned counsel, respectfully moves for (1) judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or alternatively (2) a new trial pursuant to Rule 59(a). In support, Defendant states:

### I.  INTRODUCTION

This is a rear-end collision case in which Plaintiff struck the rear of Defendants' commercial vehicle. At trial, both parties' accident reconstruction experts, Jason Riddle and Ronald Blevins, respectively, agreed on a dispositive issue: Plaintiff did not attempt to brake until one second before the accident. Therefore, Mr. Lewis was going to hit the Defendants' truck no matter how long Mr. Wilayat was in the roadway. As such, Defendant was **a condition in the roadway, not the proximate cause of the accident**.

Notwithstanding the experts' agreement, the jury returned a verdict awarding:

- $4.5 million in actual damages, and

- $3.5 million in punitive damages.

The verdict cannot be reconciled with Oklahoma law or the evidentiary record. It reflects a failure of proof on causation, an absence of any legally sufficient basis for punitive damages, and the influence of passion or prejudice. Further, the verdict is not supported by the evidence of Plaintiff's damages. Finally, the court abused its discretion by allowing punitive damages to go to the jury, refusing to accommodate the request of Defendant Hussain to testify, with the assistance of an interpreter, allowing Defendant Hussain to testify via remote means and allowing Plaintiff's treating physicians to testify regarding future care and treatment. Defendants are therefore entitled to judgment as a matter of law or, at minimum, a new trial.

## II.  LEGAL STANDARDS

### A. Rule 50(b) – Judgment as a Matter of Law

Under Rule 50(b), judgment as a matter of law is appropriate where "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." See *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

The Court must determine whether the evidence points but one way and is susceptible to no reasonable inferences supporting the verdict.

### B. Rule 59 – New Trial

A new trial may be granted where:

- The verdict is against the weight of the evidence;

- Significant errors of law were made during the trial including herein, but limited to, allowing future and punitive damages to be submitted to the jury and the failure to accommodate the live testimony of Defendant Hussain via electronic means with the assistance of an interpreter;

- Damages are excessive;

- Plaintiff failed to present sufficient evidence to support punitive damages;

- Abuse of Discretion;

- There exists misconduct on the part of the jury and or opposing counsel; or

- The verdict results in a miscarriage of justice.

## C. Oklahoma Substantive Law

Because jurisdiction is based on diversity, Oklahoma substantive law governs:

- Negligence and proximate cause;

- Compensatory damages; and

- Punitive damages (Okla. Stat. tit. 23, § 9.1)

Under Oklahoma law:

- A defendant is not liable where its conduct merely furnishes a **condition**, rather than the proximate cause, of injury.

- Future damages require **expert** testimony.

- Punitive damages require **clear and convincing evidence** of reckless disregard or intentional misconduct. See 23 O.S. § 9.1.

### III.  ARGUMENT

**A. Defendant Is Entitled to Judgment as a Matter of Law on Liability**

**1. No Legally Sufficient Evidence of Proximate Cause**

The uncontroverted expert testimony established:

- Plaintiff did not attempt to brake until one second before the accident;

- Defendants' truck did not actively cause the collision;

- The truck's presence was merely a roadway condition; and

- The collision resulted from Plaintiff striking the rear of Defendants' vehicle.

Under Oklahoma law, liability cannot be imposed where a defendant's conduct merely creates a condition and does not proximately cause the injury. See, e.g., *Woodward v. Kinchen,* 1968 OK 152, ¶ 13, 446 P.2d 375; *see also Dirickson v. Mings,* 1996 OK 2, ¶ 9, 910 P.2d 1015, 1019.

Here, Plaintiff failed to present evidence from which a reasonable jury could find that Defendant's conduct was the proximate cause of the accident. Accordingly, Defendant is entitled to judgment as a matter of law on liability.

**B. Defendant Is Entitled to Judgment as a Matter of Law on Future Damages**

Future damages require expert testimony. *Godfrey v. Meyer*, 933 P.2d 942 (1996) Nevertheless, Plaintiff was allowed to present expert testimony from his treating physicians despite never having identified them as experts and never having provided expert disclosures. Oklahoma law has long held:

> [*F*]*uture pain and suffering, future medical expense and permanent injury* must be established by expert testimony. E.g. *Shawnee-Tecumseh Traction Co. v. Griggs* 50 Okla. 566,

> 151 P. 230 (1915) (future pain and suffering); *Edwards v. Chandler,* 308 P.2d 295 (Okla.1957) (future pain and suffering and permanent injury); *Pine v. Rogers,* 182 Okla. 276, 77 P.2d 542 (1938) (permanent disability); *Maples v. Bryce,* 429 P.2d 741 (Okla.1967) (future pain and suffering and permanent injury); *Reed v. Scott,* 820 P.2d 445 (Okla.1991) (future pain and suffering, permanent injury and future medical expense).

> *Id.* at 943. (*Emphasis* in original)

On the contrary, *Godfrey* goes on to explain that:

> As *Reed v. Scott* teaches, even subjective injuries may be of a character that expert medical testimony is not necessary to prove the causal connection between the accident, injury, pain and suffering, medical treatment and expense. In other words, a plaintiff may, under appropriate circumstances, establish a *prima facie* case for **past** medical expense and pain and suffering without the necessity of a medical expert.

> *Id* at 944. (**Emphasis** added)

Plaintiff did not put on expert medical testimony. He put on the testimony of his treating physicians as fact witnesses only. These physicians were witnesses to the treatment they performed and the opinions they came to during the course of Plaintiff's treatment. No witness was introduced to provide expert testimony for future damages as contemplated by the foregoing.

No doubt Plaintiff will attempt to argue that they complied with the required disclosures as the doctors are necessarily experts in their fields. That is not the law. Experts are subject to strict scrutiny, and the disclosures allow for a safeguard against inappropriate and unsubstantiated opinions. A white coat does not in and of itself make one an expert. *McCoy v. Black*, 949 P.2d 689 (1997) explains the continuum of treating physicians to expert opinions. Therein the court explicitly states:

> [W]here a party seeks discovery of facts and opinions of a physician who, prior to anticipated or commenced litigation, has treated a party whose condition is at issue, and whose opinion based solely on facts garnered in the course of his patient's treatment, i.e., as an "actor" or "viewer," will be introduced at trial, the physician is not considered an "expert" under Rule 26(b)

*McCoy v. Black*, at 693 – 694.

Defendant requested identification of Plaintiff's experts, but the treating physicians were not identified or disclosed. Thus, Defendant was denied these safeguards. Plaintiff's verdict for future damages is improper and must be overturned. Further, Plaintiff is not saved by the testimony of a life care planner as her opinion relied upon the improper "expert" opinions of the treating physicians to create her future treatment recommendations.

## C. Defendant Is Entitled to Judgment as a Matter of Law on Punitive Damages

The court allowed punitive damages to move forward solely due to Plaintiff's alleged negligent entrustment claim. Punitive damages under Oklahoma law require clear and convincing evidence of:

- Reckless disregard for the rights of others; or

- Intentional and malicious conduct.

See Okla. Stat. tit. 23, § 9.1(B)-(C).

No such evidence exists here.

Instead:

- The accident was a rear-end collision;

- Both experts agreed Defendant did not cause the crash; and

- There was no evidence of reckless indifference or intentional misconduct;

The lack of evidence resulted in improper burden shifting, forcing the Defense to prove the negative presumption that it did not act with reckless indifference or intentional misconduct in its entrustment of Mr. Hussain with the Chandi truck. For the sake of argument only, the evidence presented was at best inconclusive of whether Mr. Hussain had taken a pre-employment driving test.[1] To rise to the level of reckless indifference or intentional misconduct, Plaintiff would have needed affirmative evidence that no pre-employment road test occurred and that Mr. Hussain was in fact an incompetent driver which Chandi knew or should have known. By allowing Plaintiff to speculate as to what evidence could have been brought for Defendant to prove Mr. Hussain's training, Plaintiff improperly shifted the burden of proof to the Defendant and away from Plaintiff.

While negligent entrustment is in theory a viable claim in the right circumstances, there was no evidence to support a claim presented at the trial.

> In Oklahoma, to recover under a negligent entrustment claim, a plaintiff must demonstrate that (1) "a person who owns or has possession and control of an automobile allowed another driver to operate the automobile," (2) "the person knew or reasonably should have known that the other driver was careless, reckless and incompetent," and (3) "an injury was caused by the careless and reckless driving of the automobile." *Green v. Harris*, 2003 OK 55, ¶ 23, 70 P.3d 866, 871.

*Schriner v. Gerard*, CIV-23-206-D, 2023 WL 3138026, at *3 (W.D. Okla. Apr. 27, 2023).

---

[1] Defendant maintains that even the affirmative failure to conduct a pre-employment driving test would not give rise to punitive damages when Mr. Hussain was a licensed CDL driver with no prior accidents.

Analogous to *Schriner*, Plaintiff's case was utterly devoid of any factual allegations in support of his cause of action for negligent entrustment. "Century Trucking claims that Plaintiff's complaint 'contains no factual content regarding [Plaintiff's] driving history, his propensity to drive unsafely, or any facts tending to show [it] knew or should have known of such propensity.'" *Id*. The court in *Schriner* ultimately concluded:

> The Court disagrees with Plaintiff's argument that it is reasonable to infer that Century Trucking had knowledge of Mr. Gerard's incompetence based solely on his alleged violation of multiple state and federal safety regulations, which led to the collision. These allegations do not lend any support to the argument that Plaintiff knew, prior to the incident, that Mr. Gerard was reckless, careless, or incompetent. Accordingly, because Plaintiff has failed to adequately plead a negligent entrustment claim against Century Trucking, dismissal of this claim is appropriate.

*Id*.

The absence of competent evidence here is even stronger than in *Schriner.* As such, submission of punitive damages to the jury was improper, and the resulting $3.5 million award must be vacated as a matter of law.

## D. In the Alternative, a New Trial Is Required

### 1. The Verdict Is Against the Clear Weight of the Evidence

Both sides' experts agreed that Defendant's truck was not the cause of the accident. The jury's verdict directly contradicts this consensus. A verdict that disregards uncontroverted scientific evidence on a dispositive issue should not stand.

### 2. The Verdict Reflects Passion or Prejudice

The size of the verdict, combined with the record, indicates improper influence. Plaintiff injected irrelevant themes, including repeated emphasis on the driver's **immigrant**

**status**, which had no bearing on causation or liability. Courts recognize that appeals to bias or prejudice undermine the fairness of proceedings and warrant a new trial. *Barnes v. Smith*, 305 F.2d 226, 229 (10th Cir. 1962) ("It is the duty of jurors not to allow emotion to overcome fact, not to allow sympathy to overcome reason, not to allow desire for result to overcome justice."); *Currens v. Hampton*, 1997 OK 58, ¶ 7, 939 P.2d 1138, 1141, as corrected (Aug. 21, 1997) ("when the amount of damages awarded is so excessive as to indicate that the jury was actuated by bias, prejudice, or passion, it is the duty of this Court to hold the verdict excessive and to remand the cause with directions to vacate the judgment and grant a new trial").

### 3. The Compensatory Damages Are Excessive

The $4.5 million compensatory award is not supported by the evidence and is excessive under Oklahoma law. A damages award must bear a reasonable relationship to the proof. When it does not, a new trial is warranted. *Currens v. Hampton*, 1997 OK 58, ¶ 10, 939 P.2d 1138, 1141 ("in order to determine whether the verdict bears any relationship to the evidence, we must look at the evidence"). Here, Plaintiff presented evidence of less than $53,000 in actual damages and, at best, $750,000 in future damages.[2] Over four and a half times the amount of "damages" submitted is clearly unreasonable and not supported by law.

---

[2] See Defendant's arguments in part B.1. above, incorporated by reference herein.

**4. The Punitive Damages Award Is Legally and Constitutionally Excessive**

Even if punitive damages were permissible, which Defendant maintains they are not, the award violates due process. The Supreme Court has articulated guideposts for reviewing punitive damages, including:

- Degree of reprehensibility;

- Ratio to compensatory damages; and

- Comparison to civil penalties.

See *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

Here:

- There is minimal (if any) reprehensibility;

- The ratio is substantial given the lack of wrongdoing; and

- The award is untethered to any legitimate punitive purpose.

Further, as the Court instructed the jury, punitive damages are to "punish not destroy" the Defendant. *See* Jury Instruction No. 33 Dkt. 87, page 1. Yet, the only evidence of the value of Chandi Trucking was that it owned 32 trucks all under liens and valued at approximately $40,000 each. Simple math, even excluding the liens that will require repayment at the time of liquidation, shows the only evidence of the assets to the company totaled approximately $1.28M. As it stands, the underlying verdict will bankrupt Chandi, and the punitive damages exceed twice the value of the company's assets before priority liens are resolved. Once again, Plaintiff improperly shifted the burden to the Defendant on valuation putting forth no evidence of the company's value and asking the jury to speculate.

**F. Cumulative Error Requires Relief**

The combination of:

- Lack of causation evidence;

- Failure to accommodate the testimony of Defendant Hussain;

- Improper "expert" testimony;

- Improper submission of punitive damages;

- Excessive awards; and

- Prejudicial trial themes;

resulted in a fundamentally unfair trial. Even if each issue alone were insufficient, their cumulative effect requires relief.

## IV.  CONCLUSION

The jury's verdict cannot be sustained under governing law or the evidentiary record. Defendant is entitled to judgment as a matter of law or, at minimum, a new trial.

**V. PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court:

1. **Grant judgment as a matter of law** in favor of Defendant pursuant to Rule 50(b);

2. **Vacate the jury's verdict in its entirety**;

3. Vacate the punitive damages award in full;

4. Alternatively, **grant a new trial** on all issues pursuant to Rule 59(a); and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Seth A. Caywood
Seth A. Caywood, OBA #30517
HOLBROOK LEAVITT & ASSOCIATES, PLLC
4815 S. Harvard Ave., Ste 360
Tulsa, OK 74135
P: (918) 373-9394
F: (918) 539-0269
E: seth@holbrookleavitt.com
**Counsel for the Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that a full, true and correct copy of the above and foregoing document was served on the file stamped date above, via:

Nathan D. Rex, OBA #31694
L. Grant Gibson, OBA #33513
PARRISH DEVAUGHN, PLLC
3601 N. Classen Boulevard
Oklahoma City, OK 73118
P: (405) 444-4444
F: (405) 232-0058
E: nate@parrishdevaughn.com
E: grant@parrishdevaughn.com
**Attorneys for Plaintiff**

☒ ECF Filing
☐ First Class Mail, Proper Postage Prepaid
☐ E-mail
☐ Certified Mail, Return Receipt Requested
☐ Facsimile
☐ Hand Delivery
☐ Overnight Express Delivery

/s/ Seth A. Caywood

- 12 -